IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUT, SR.,

    Plaintiff,

v.                                                CIV. No. 18-619 JCH/GBW

RAYMOND SMITH, *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 40; see also docs. 41, 42.* Having reviewed the Motion and subsequent briefing, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003). In fact, "[c]ourts are not authorized to appoint counsel in §1983 cases; instead courts can only "request" an attorney to take the case." *Rachel v. Trout*, 820 F.3d 390, 396-97 (10th Cir. 2016). The decision to make such a request "is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to request that counsel represent a *pro se* litigant in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006)

(quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant" making such a request.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the motion, relevant case law, and the other filings in this case in light of the above-referenced factors.  Plaintiff has presented timely and cogent documents to the Court.  His briefs are full of case citations indicating that he is capable of performing his own legal research.  His claims are not unusually complex and the mere fact that expert testimony will be required does not render this case an extraordinary circumstance.  *See, e.g., Rachel*, 820 F.3d 396-97.  At this stage, the Court is yet to be persuaded of the merits of Plaintiff's claims.  Finally, the Court agrees with Defendants that Plaintiff's "inability to marshal information to support attempted class certification is immaterial. The question for the Court is whether [Plaintiff] has demonstrated an inability to prosecute [his own] claims, not whether [he] has demonstrate[d] an inability to pursue claims on behalf of *other inmates*."  Doc. 43 at 3.

In conclusion, the *Thomas* factors do not support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, (*doc. 40*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE