IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT,

    Plaintiff,

v.                                                            Civ. No. 18-619 JCH/GBW

RAYMOND SMITH, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the undersigned, pursuant to Senior Judge Herrera's order of reference (*doc. 27*), on Edward Morris Garcia's Motion for Joinder of Plaintiff's [sic]. *Doc. 78*. For the same reasons articulated in my Proposed Findings and Recommended Disposition ("PRFD") on a similar motion by Jason Helmstetler (*doc. 34*), *see doc. 77* at 50–53, I RECOMMEND that the Court CONSTRUE Mr. Garcia's motion as a motion to intervene under Rule 24(b) and DENY it for not containing or incorporating a complaint that states a claim for relief as to him.

I.    **BACKGROUND**

I recently detailed the factual and procedural history of this case in my PFRD on Mr. Helmstetler's motion and several other motions by Plaintiff and Defendants. *See generally doc. 77*. As relevant to Mr. Garcia, Defendants Smith, Solomon, and Vasquez allegedly tasked Plaintiff and other prisoners at LCCF with removing paint containing

crystalline silica from housing units and other facilities at LCCF. *Doc. 22* at ¶¶ 3–4, 12, 23, 26, 30. Removing this paint purportedly exposed LCCF prisoners to clouds of crystalline silica dust that lingered for hours and covered surfaces in housing units, including window ledges, dining tables, and phones. *Id.* at ¶¶ 23, 27, 34. Mr. Garcia was one of these prisoners. *See doc. 78* at ¶ 1.

## II. ANALYSIS

As explained in my earlier PFRD, "[o]nly an existing party to a lawsuit may move for permissive joinder pursuant to Rule 20." *Doc. 77* at 51 (citing *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995), *Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994), and *Garland v. United States*, No. CV 13-0496 RB/GBW, 2013 WL 12328894, at *2 (D.N.M. Sept. 11, 2013) (unpublished)). Since Mr. Garcia is not yet a party to this lawsuit, the Court should construe his motion for joinder as one for permissive intervention pursuant to Rule 24. *See Thompson*, 33 F.3d at 858 n.10; *Garland*, 2013 WL 12328894, at *2; *see also Arrow*, 55 F.3d at 409 (construing a motion for compulsory joinder under Rule 19 as a motion to intervene under Rule 24).

Rule 24 provides that "[o]n timely motion, the [C]ourt may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Such permissive intervention … requires (1) an independent basis of subject matter jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the

2

main action." *Lovato v. Banister*, Civ. No. 03-0629 MV/WDS, 2004 WL 7337740, at *2 (D.N.M. May 25, 2004) (unpublished) (citing *United States v. Washington*, 86 F.3d 1499, 1506-07 (9th Cir. 1996), and *E.E.O.C. v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P 24(b)(3).

A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.* (c). "[I]f the proposed complaint-in-intervention does not state a valid claim for relief, the motion must be denied." *Davis v. St. Anselm Expl. Co.*, No. 10-CV-883 JEC/WPL, 2011 WL 13085929, at *2 (D.N.M. Oct. 3, 2011) (unpublished) (quoting *Lucero ex rel. Chavez v. City of Albuquerque*, 140 F.R.D. 455, 457 (D.N.M. 1992)). When denying intervention on this ground, the Court need not determine whether the motion to intervene satisfies the substantive requirements of Rule 24. *Lovato*, 2004 WL 7337740, at *4.

Mr. Garcia's converted motion to intervene does not contain the requisite pleading. Even if the Court were to construe its allegation that Mr. Garcia "ha[s] suffered the same factual injuries as set forth in the complaint" by being "recklessly exposed to crystalline silica that covered [his] dining area, phones and housing unit while at [LCCF]," doc. 78 at ¶ 1, as a complaint-in-intervention, this conclusory allegation does not state a claim for relief. *See Nasious v. Two Unknown B.I.C.E. Agents*,

492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Alternatively, the Court could construe this allegation as Mr. Garcia adopting Plaintiff's Amended Complaint as his complaint in intervention. *See Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974). This construction, however, does not salvage his motion since the Amended Complaint contains no allegations about the extent to which Mr. Garcia (rather than Plaintiff) was exposed to crystalline silica and whether any Defendant acted with deliberate indifference toward him. Indeed, it contains no allegations about him at all. *See generally doc. 22*. Accordingly, Mr. Garcia's converted motion to intervene should be denied.

### III.  CONCLUSION

For the reasons above, I RECOMMEND that the Court CONSTRUE Edward Morris Garcia's Motion for Joinder as a motion to intervene and DENY it.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

4

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**